IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS,<br>No. K83252,<br><br>      Plaintiff,<br><br>vs.<br><br>KIM BUTLER, *in her official capacity,*<br>JOHN DOE #11, and<br>JOHN DOE #10,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 15-cv-00327-SMY<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

      Plaintiff James Owens is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983 he brought suit in *Owens v. Allen*, Case No. 14-cv-55-JPG, for deprivations of his constitutional rights with respect to the conditions of his confinement. The following claim was reviewed in accordance with 28 U.S.C. § 1915A and severed to form the basis for the present case:

> **John Doe #11 struck a handcuffed Plaintiff in the face, while John Doe #10 held Plaintiff, all in violation of the Eighth Amendment.**

Warden Kim Butler was added as a defendant in her official capacity, for the sole purpose of discovering the identities of the "John Doe" defendants.

      Plaintiff was given an opportunity to opt out of this new case without incurring an additional filing fee. In Case No. 15-cv-55-JPG (Doc. 20), Plaintiff elected to opt into the present case. Accordingly, the Clerk of Court is **DIRECTED** to file a copy of that document in this case.

**IT IS HEREBY ORDERED** that this claim shall **PROCEED** against Defendants **KIM BUTLER, JOHN DOE #11 and JOHN DOE #10**.

The Clerk of Court shall prepare for Defendant **KIM BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

Service shall not be made on the unknown "John Doe" defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If Defendant **KIM BUTLER** fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant **KIM BUTLER** no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant **KIM BUTLER**, who is sued in her official capacity solely for the purpose of discovering the identities of the "John Doe" defendants, is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.  Plaintiff's motion for leave to proceed as a pauper will be addressed by the undersigned district judge in a separate order.  Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 16, 2015**

s/ STACI M. YANDLE
**United States District Judge**