# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-327-SMY-RJD |
| | ) |
| KIMBERLY BUTLER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Kimberly Butler's Motion for Summary Judgment (Doc. 43). Plaintiff James Owens is an inmate with the Illinois Department of Corrections ("IDOC"). On January 15, 2014, Owens filed suit against IDOC correctional officers and employees, alleging various violations of his constitutional rights. *Owens v. Butler*, 3:14-cv-55-NJR-DGW, Doc. 1 (S.D. Ill.). The Court severed Plaintiff's claims into separate actions on March 25, 2015 (Doc. 2). The instant action pertains to Plaintiff's claim that on December 22, 2011, Defendants John Doe #10 and John Doe #11 subjected him to excessive force in violation of the Eighth Amendment. (*Id.*) Defendant Kimberly Butler was added in her official capacity as the warden of Menard Correctional Center ("Menard"), for the sole purpose of identifying the John Doe defendants. (*Id.*)

Butler now moves for summary judgment on Owens' claim that the two John Doe defendants subjected him to excessive force, on the bases that Owens has not amended the complaint to identify the John Doe defendants and that the statute of limitations bars Plaintiff from doing so. Plaintiff asserts that the limitations period is equitably tolled and that Defendant

is equitably estopped from asserting the statute of limitations defense.  For the following reasons, the Court **GRANTS** Defendant's motion.

Pursuant to Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the Court must "examine the record and all reasonable inferences in the light most favorable to the non-moving party."  *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014).  Summary judgment will be denied "if a material issue of fact exists that would allow a reasonable jury to find in favor of the non-moving party."  *Id.*

Defendant argues that, based on the current posture of this case, Owens' claim against John Doe defendants #10 and #11 can no longer proceed.  On April 16, 2015, the Court advised Owens regarding his responsibility for identifying the John Doe defendants and added the warden of Menard as a defendant to assist Owens in fulfilling that responsibility (Doc. 9).  On June 22, 2015, the Court set the initial discovery deadline for June 3, 2016 (Doc. 18).  On Owens' motions, the discovery deadline was extended to November 30, 2016 (Docs. 34, 41).

The record reflects Owens' extensive efforts to identify the John Doe defendants, including providing the physical descriptions of the John Doe defendants, serving written discovery and conducting depositions of supervisory correctional officers.  However, these efforts have not resulted in the identification of the John Doe defendants.  Moreover, in light of these futile efforts and the considerable passage of time since the alleged excessive force incident, the Court is not persuaded that further discovery would be fruitful.  Although Owens asserts that the alleged excessive force incident was recorded on camera, there is no evidence suggesting that the defendants have refused to produce it or that recording currently exists.

Nevertheless, Owens now seeks to conduct additional discovery for the purpose of identifying the John Doe defendants.[1] Defendant argues that, even if Owens received that opportunity and identified the John Doe defendants at this point, the statute of limitations would bar his claim.

The applicable limitations period is Illinois' two-year statute of limitations for personal injury claims. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). According to the Complaint, the alleged excessive force incident occurred on December 22, 2011. Owens commenced this lawsuit on January 15, 2014.[2] Significantly, even if Owens was now able to identify the John Doe defendants, he would be unable to rely on the relation back doctrine for purposes of the statute of limitations. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) ("We have consistently held that Rule 15(c)(3) does not provide for relation back under circumstances, such as here, in which the plaintiff fails to identity the proper party."). Therefore, in the absence of applicable equitable doctrines, the statute of limitations bars Plaintiff's claim against John Doe Defendants #10 and #11.

Owens seeks to invoke the doctrine of equitable tolling, arguing that his due diligence in seeking the John Doe defendants' identities equitably tolls the statute of limitations. "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim. *Smith v. City of Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992). To demonstrate due diligence, Owens relies on his efforts to identify the John Doe defendants through discovery. (Doc. 45 at 6-7).

---

[1] Plaintiff did not request a further extension of the discovery deadline in order to continue his efforts to identify the John Doe defendants until Defendant filed the instant motion (long after the discovery closed).

[2] Indeed, the record reflects that the limitations period had elapsed by the time Plaintiff filed the complaint. However, the Court allowed Plaintiff's claim to proceed at the screening stage because statute of limitations issues are generally resolved at the summary judgment stage, and Plaintiff stopped short of pleading himself out of court. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

However, the statute of limitations bars Owens' claim even if the Court finds that Plaintiff exercised due diligence in attempting to identify the John Doe defendants in discovery. The alleged excessive force incident occurred on December 22, 2011. (Doc. 1.) Thus the 2 year limitations period had expired when Owens filed this case and there is no evidence of any efforts by him to identify these defendants prior to filing suit.

Owens also seeks to invoke the doctrine of equitable estoppel, arguing that Defendant is equitably estopped from asserting the statute of limitations defense because Defendant has taken steps to prevent him from complying with the statute of limitations. "Equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Smith*, 951 F.2d at 840. "[T]he traditional elements of equitable estoppel are: (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *LaBonte v. United States*, 233 F.3d 1049, 1053 (7th Cir. 2000). "However, in suits against the government, one must also establish affirmative misconduct on the part of the government." *Id.* "Affirmative misconduct is more than mere negligence. It requires an affirmative act to misrepresent or mislead." *Id.*

Owens argues that Defendant's misrepresentations prevented him from discovering the identity of the John Doe defendants. Specifically, he asserts that Defendant did not identify the John Doe defendants, did not produce any photographs of the guards and did not produce a video of the December 2011 incident, despite the existence of the video. Review of the discovery documents offered by Plaintiff reveals that Defendant did not identify the John Doe defendants, citing a lack of personal knowledge, but provided Owens with a roster of employees that worked

on December 22, 2011. The Court perceives no deficiencies in Defendant's response that would constitute affirmative misconduct.

On November 30, 2015, Plaintiff requested a court order for Defendant to produce photographs of Menard Correctional Center employees that resembled Plaintiff's description of the John Doe defendants. (Doc. 26.) Generally, parties must respond to discovery requests. *See* Fed. R. Civ. P. 33(b)(1); Fed. R. Civ. P. 34(b)(2). However, this request was directed to the Court in a reply brief in support of a motion to compel, which was filed two weeks after the Court's decision on the motion. Given the context of the request, Defendant's failure to respond to the request does not constitute an affirmative act to misrepresent or mislead.

Regarding Defendant's alleged failure to produce the video recording, Owens cites the deposition testimony of Major John M. Carter, a correctional officer, and Defendant's discovery response stating that no such video recording exists. The relevant deposition testimony is as follows:

> **Q: And does this area – is the front door under camera surveillance?**
> A: Yes.
> **Q: Is that camera on the inside or the outside of the building?**
> A: The inside.
> **Q: And do you know what happens with that film?**
> A: I do not.
> **Q: So you don't know if it's saved or how long it's saved by Menard?**
> A: Do not know that.

(Doc. 45-6 at 20.) While Carter's testimony implies that a video recording once existed, it does not establish its current existence. Moreover, Defendant served the discovery response asserting the nonexistence of the video recording in December 2016, five years after the alleged excessive force incident. No evidence suggests that the video recording existed at the time Owens filed suit, that it is or was within Defendant's control or that Defendant is otherwise able to produce the video recording but refuses to do so.

5

At this point, Owens has not identified the John Doe defendants even though he has been given reasonable time and opportunity to do so. Moreover, at this juncture, the statute of limitations bars Plaintiff's claim in the absence of applicable equitable doctrines – none exist. Accordingly, Defendant Kimberly Butler's Motion for Summary Judgment (Doc. 43) is **GRANTED**. Because the identification of the John Doe defendants is no longer at issue, Defendant Butler is **DISMISSED** from this action. The Clerk of Court is **DIRECTED** to enter judgment against Plaintiff James Owens and in favor of Defendants John Doe #10 and John Doe #11. As there are no remaining claims, the Clerk is further **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: June 14, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**